# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD A. FINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| THE STATE OF DELAWARE, ) | |
| DEPARTMENT OF TRANSPORTATION ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Donald Finney ("Plaintiff"), files this action against Defendant, the State of Delaware, Department of Transportation ("Defendant" or "DelDOT") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") and violations of 42 U.S.C. §1983.

## NATURE OF THE ACTION

2. Plaintiff has been an employee of Defendant for approximately twenty-three years.

3. Defendant engaged in race and color discrimination in violation of Title VII and 42 U.S.C. §1983.

## JURISDICTION

4. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is a resident of New Castle County, Delaware, who at all times relevant to this Complaint, was an employee of Defendant.

7. Defendant, DelDOT, is an agency of the State of Delaware established and empowered by 29 *Del. C.* Ch. 84 and 17 *Del. C* Ch. 1 *et seq.* Defendant maintains offices at 800 Bay Road, Dover, Delaware 19901.

## ADMINISTRATIVE PROCESS

8. On November 8, 2018, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging race, color and age discrimination.

9. On June 6, 2019, Plaintiff filed an amended Charge of Discrimination with the DDOL, including additional facts to support race, color, retaliation and age discrimination.

10. On September 10, 2021, Plaintiff received a Reasonable Cause Determination and corresponding Right to Sue from the DDOL.

11. The DDOL Right to Sue Reasonable Cause Determination states "Charging Party met the *prima facie* elements of race discrimination. Charging Party provided evidence of an inference of discrimination. Charging Party submitted information from Respondent's EEO Form that nepotism was indicated with chosen candidate, Mr. B Schilling, coupled with no hiring of nonwhite candidates in the past several years, lack of position statement and lack of total interview panel responses to candidates supports an inference of race discrimination."

12. On November 19, 2021, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Right to Sue Notice, adopting the findings of the DDOL who investigated the Charge.

13. Plaintiff has satisfied all statutory prerequisites for filing this action.

## TOLLING AGREEMENT

14. One or more statutes of limitations in this matter was due to expire on February 17, 2022.

15. On February 3, 2022, Plaintiff and Defendant entered into a tolling agreement to continue settlement discussions.

16. Plaintiff and Defendant, thereafter, entered into four additional tolling agreements, tolling the statute of limitations to August 11, 2022.

## FACTS

17. Plaintiff is a nonwhite, darker skinned, Asian male.

18. Plaintiff began his employment with Defendant in August of 1999 in the position of Contracts Engineer within the Maintenance and Operations Division of the Canal District.

19. Plaintiff has held the position of Assistant Maintenance Engineer within the Maintenance and Operations Division of the Canal District since 2014.

20. Plaintiff received his Bachelor of Science Degree in Civil Engineering and a Master's Degree in Business Administration from the University of Delaware.

21. Plaintiff holds a Professional Engineering License.

22. Throughout his tenure with Defendant, Plaintiff has gained experience in, *inter alia*, managing engineering programs, staff supervision, planning, assigning, reviewing and evaluating the work of subordinates, conducting performance plans/reviews, conducting fact finding investigations, and participating in hiring and firing of candidates.

**Failure to Promote –Engineer Program Manager II**

23. In January of 2018, Plaintiff applied for the position of Engineer Program Manager II within the Maintenance and Operations Division of the Canal District.

24. Keving Canning, a Caucasian male, was the hiring manager for this position.

25. Plaintiff was interviewed for the position.

26. According to Defendant, Plaintiff satisfied the minimum qualifications for the position.

27. On January 31, 2018, Plaintiff was advised Defendant chose Brian Schilling, a Caucasian male, for the position.

28. Plaintiff was more qualified than Mr. Schilling for the position based upon his tenure with Defendant, experience and educational level.

29. Defendant failed to promote Plaintiff to the Engineer Program Manager II position based on Plaintiff's race and color.

30. As a result of the promotion, Mr. Schilling became Plaintiff's supervisor.

**Failure to Promote – North District Engineer Program Manager II**

31. In March of 2019, Plaintiff applied for the position of Engineer Program Manager II within the Maintenance Operations Division of the North District.

32. Plaintiff was interviewed for the position.

33. According to Defendant, Plaintiff satisfied the minimum qualifications for the position.

34. As a result of the interviews, the hiring panel was split between two candidates, Plaintiff and John Garcia, for the position.

35. The hiring panel then contacted references of Plaintiff and Mr. Garcia.

36. Plaintiff provided Brian Schilling, Rich Fain and Mark Alexander as references.

37. Defendant contact Brian Schilling and Kevin Canning as references for Plaintiff. Mr. Schilling and Mr. Canning provided intentionally false, misleading information to the hiring

panel that they directed Plaintiff to be more involved in day-to-day activities.

38. Plaintiff was never advised by either Mr. Canning or Mr. Schilling that he needed to be more involved in day-to-day activities.

39. Plaintiff's 2018 performance evaluation, which was completed by Mr. Canning, does not make any mention of needing to be more involved in day-to-day activities.

40. Plaintiff was advised he was not chosen for the position in part because of the false statements made by Mr. Canning and Mr. Schilling regarding his performance.

41. The statements made by Mr. Canning and Mr. Schilling were retaliatory as they were made after Plaintiff filed a Charge of Discrimination against Defendant in November of 2018.

42. On March 28, 2019, Plaintiff was advised Defendant chose John Garcia, a lighter skinned Hispanic male for the position of Engineer Program Manager II within the North District.

43. Plaintiff was more qualified than Mr. Garcia for the position based upon his tenure with Defendant, experience and educational level.

44. Defendant failed to promote Plaintiff to the position of Engineer Program Manager II based on Plaintiff's race and color and for reporting discrimination.

45. Plaintiff's 2019 performance evaluation was completed by Mr. Schilling, his supervisor. Mr. Schilling rated Plaintiff a "meets expectations" on his review.

46. For the years 2015 through 2018, Plaintiff was consistently rated as "exceeds expectations" on his performance reviews.

47. Defendant lowered Plaintiff's performance rating in retaliation for filing a Charge of Discrimination with the DDOL and reporting discrimination to Defendant.

**Failure to Promote – Engineer Program Manager II – Maintenance Engineer**

48. In or around July of 2021, Plaintiff applied for the position of Engineer Program

Manager II - Maintenance Engineer within the Maintenance and Operations Division of the Canal District.

49. Plaintiff was interviewed for the position.

50. According to Defendant, Plaintiff met the minimum qualifications for the position.

51. On or around July 16, 2021, Plaintiff was advised Defendant chose Michael Hauske, a Caucasian male, for the position.

52. Plaintiff was more qualified than Mr. Hauske for the position based upon his tenure with Defendant, experience and educational level.

53. Defendant failed to promote Plaintiff to the position of Engineer Program Manager II – Maintenance Engineer because of Plaintiff's race and color and in retaliation for his prior complaints of discrimination.

**Defendant's Discriminatory Practices are Supported by Statistical Evidence**

54. In the Fall of 2016, the Ivy Planning Group conducted an inclusive cultural assessment within the State of Delaware, Department of Transportation, Maintenance and Operations Division.

55. The Ivy Planning Group conducted statistical analyses in the areas of hiring, promotion and discrimination complaints which showed evidence of adverse impact and/or statistically significant differences across race and gender and noted chronic underrepresentation in individual labor market categories in minority employment.

56. As a result of the Statewide assessment, DelDOT contacted the Ivy Planning Group to assess and develop recommendations for the Maintenance and Operations North District regarding racially charged issues and an increased number of Equal Employment Opportunity complaints filed by minorities relating to unfair treatment, hiring and promotion decisions.

57. The key findings of the Ivy Planning Group's assessment into the Maintenance and Operations division included systematic biases impacting opportunity, personal beliefs, biases, symbols and language regarding race impact the team.

58. The Ivy Planning Group also found the Maintenance and Operations division had only forty-eight (48) people of color out of three hundred and seventy (370) employees.

59. Additionally, the State of Delaware's EEO-4 Status Report for the Department of Transportation as of June 30, 2018, evidence minorities and specifically Asians are severely underrepresented within the Department of Transportation.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

## COUNT I
### Discrimination Based on Race/Color in Violation of the Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*. as amended)
### Against Defendant

60. The allegations of Paragraphs 1 through 59 are incorporated by reference as if fully restated herein.

61. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

62. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 2000e(f).

63. Plaintiff received his Right to Sue Letter from the EEOC on November 19, 2021.

64. Plaintiff has satisfied all statutory perquisites for filing this action.

65. Plaintiff, a darker skinned, Asian male, is a member of a protected class.

66. Plaintiff has over twenty years' experience within his industry and with Defendant

7

and performed highly during his employment with Defendant.

67. Plaintiff was the most experienced candidate for the positions of Engineer Program Manager II within the Maintenance and Operations Division of the Canal District, Engineer Program Manager II within the Maintenance Operations Division of the North District and Engineer Program Manager II - Maintenance Engineer within the Maintenance and Operations Division of the Canal District.

68. Plaintiff was the most qualified out of all candidates for the above positions.

69. Defendant chose less qualified, Caucasian, lighter skinned candidates for the positions Plaintiff applied for.

70. Defendant failed to promote Plaintiff to those positions based upon his race and color.

71. Defendant's discriminatory hiring practices have a disparate impact on minority and Asian individuals and are neither job related nor consistent with business necessity.

72. Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including compensatory damages, past and future lost wages and benefits and the costs of bringing this action.

### COUNT II
### Retaliation Based on Race/Color in Violation of the Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*. as amended)
### Against Defendant

73. The allegations of Paragraphs 1 through 72 are incorporated by reference as if fully restated herein.

74. Plaintiff engaged in protected activity when he reported race and color discrimination to the DDOL on November 8, 2018, and again on June 6, 2019.

75. Plaintiff suffered an adverse employment action when Defendant failed to promote

8

him to the position of Engineer Program Manager II within the Maintenance Operations Division of the North District on March 28, 2019, and the Maintenance Engineer within the Maintenance and Operations Division of the Canal District on July 16, 2021.

76. There is a temporal nexus between Plaintiff's protected activity and the adverse employment actions taken against Plaintiff as a result of his protected activity.

## COUNT III
### Violation of 42 U.S.C § 1983
### (*Monell* Custom and Policy)

77. The allegations of Paragraphs 1 through 76 are incorporated by reference as if fully restated herein.

78. Municipal bodies are liable for constitutional violations under 42 U.S.C § 1983 when execution of its official policy or custom deprives an individual of his rights protected under the Constitution.

79. Defendant, by official policy and or custom, subjected Plaintiff to racially discriminatory hiring and promotional practices.

80. Defendant's promotional process is unconstitutional and is based upon racially discriminatory customs, policies and practices.

81. Defendant's use of race and color as a factor in its promotional system and processes, amounts to a deliberate indifference to Plaintiff's constitutional rights.

82. Defendant's unconstitutional custom and policy resulted in Plaintiff not being selected for positions on numerous occasions because of his race, causing Plaintiff financial and professional injury.

83. The unconstitutional behavior of the Defendant was carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights

of Plaintiff.

84. Defendant's established customs and policies have violated Plaintiff's right to due process as protected under the Fourteenth Amendment.

85. Defendant's actions stated above are sufficient to support a continuing violation of race and color discrimination as they are series of separate acts that collectively constitute one unlawful employment practice.

86. As a result, Defendant has caused Plaintiff to suffer financial and professional damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B. Award Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgment interest, equity, liquidated damages, punitive damages and any or all pecuniary damages.

C. Award Plaintiff all compensation due as a result of Defendant's violations herein.

D. Award Plaintiff an equal and additional amount as liquidated damages.

E. Award Plaintiff costs and reasonable attorney's fees.

F. Award Plaintiff pre and post judgment interest at the legal rate.

G. Any and all such other relief as the Court deems appropriate under the

circumstances.

                                              **ALLEN & ASSOCIATES**
*/s/ Michele D. Allen*
Michele D. Allen (#4359)
Emily A. Biffen (#6639)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-234-8602 (fax)
michele@allenlaborlaw.com
emily@allenlaborlaw.com
*Attorneys for Plaintiff*

Dated: August 11, 2022