**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD A. FINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 1:22-cv-01059-MPT |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| THE STATE OF DELAWARE, ) | |
| DEPARTMENT OF TRANSPORTATION ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S FIRST AMENDED**
**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Donald Finney ("Plaintiff"), files this amended action against Defendant, the State of Delaware, Department of Transportation ("Defendant" or "DelDOT") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Delaware Discrimination in Employment Act (19 *Del. C.* § 711(a)(1) ("DDEA").

**NATURE OF THE ACTION**

2. Plaintiff has been an employee of Defendant for approximately twenty-three years.

3. Defendant engaged in race and color discrimination in violation of Title VII.

4. Defendant engaged in race and color discrimination in violation of the DDEA.

5. Defendant retaliated against Plaintiff for engaging in protected activity.

6. Defendant took an adverse action against Plaintiff.

7. There is a causal connection between Plaintiff's participation in a protected activity and Defendant's adverse action towards Plaintiff.

8. Defendant's hiring and promotional practices have had a disparate impact on Plaintiff and other employees similarly situated to him.

## JURISDICTION

9. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

12. Plaintiff is a resident of New Castle County, Delaware, who at all times relevant to this Complaint, was an employee of Defendant.

13. Defendant, DelDOT, is an agency of the State of Delaware established and empowered by 29 *Del. C*. Ch. 84 and 17 *Del. C* Ch. 1 *et seq.* Defendant maintains offices at 800 Bay Road, Dover, Delaware 19901.

## ADMINISTRATIVE PROCESS

14. On November 8, 2018, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging race, color and age discrimination.

15. On June 11, 2019, prior to a final decision being entered, Plaintiff contacted the DDOL regarding an addendum of retaliation to Plaintiff's Charge of Discrimination with the DDOL, including additional facts to support race, color, retaliation and age discrimination. *See* Exhibit A attached hereto.

16. On September 10, 2021, Plaintiff received a Reasonable Cause Determination and corresponding Right to Sue from the DDOL, which encompassed his charge of discrimination and retaliation. *See* Exhibit B.

17. The DDOL Right to Sue Reasonable Cause Determination states "Charging Party met the *prima facie* elements of race discrimination. Charging Party provided evidence of an inference of discrimination. Charging Party submitted information from Respondent's EEO Form that nepotism was indicated with chosen candidate, Mr. B Schilling, coupled with no hiring of nonwhite candidates in the past several years, lack of position statement and lack of total interview panel responses to candidates supports an inference of race discrimination."

18. On November 19, 2021, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Right to Sue Notice, adopting the findings of the DDOL who investigated the Charge. *See* Exhibit C.

19. On April 26, 2022, Plaintiff filed a timely Charge of Discrimination with the DDOL, alleging race and color discrimination, as well as retaliation.

20. Plaintiff's April 26, 2022, Charge indicated that the discrimination took place as early as January 3, 2018, and continued to the present. Plaintiff further indicated in his Charge that there was a "continuing violation."

21. On December 12, 2022, Plaintiff received an Administrative Dismissal and Corresponding Right to Sue Notice from the DDOL. *See* Exhibit D attached hereto.

22. On January 13, 2023, Plaintiff received a Right to Sue from the EEOC on his most recent Charge of Discrimination. *See* Exhibit E.

23. Plaintiff has satisfied all statutory prerequisites for filing this action.

## TOLLING AGREEMENT

24. One or more statutes of limitations in this matter was due to expire on February 17, 2022.

25. On February 3, 2022, Plaintiff and Defendant entered into a tolling agreement to

continue settlement discussions.

26. Plaintiff and Defendant, thereafter, entered into four additional tolling agreements, tolling the statute of limitations to August 11, 2022. *See* Exhibit F.

## **FACTS**

27. Plaintiff is a nonwhite, darker skinned, Asian male.

28. Plaintiff began his employment with Defendant in August of 1999 in the position of Contracts Engineer within the Maintenance and Operations Division of the Canal District.

29. Plaintiff has held the position of Assistant Maintenance Engineer within the Maintenance and Operations Division of the Canal District since 2014.

30. Plaintiff received his Bachelor of Science Degree in Civil Engineering and a Master's Degree in Business Administration from the University of Delaware.

31. Plaintiff holds a Professional Engineering License.

32. Throughout his tenure with Defendant, Plaintiff has gained experience in, *inter alia*, managing engineering programs, staff supervision, planning, assigning, reviewing and evaluating the work of subordinates, conducting performance plans/reviews, conducting fact finding investigations, promoting and disciplining personnel and participating in hiring and firing of candidates.

**Failure to Promote –Engineer Program Manager II**

33. In January of 2018, Plaintiff applied for the position of Engineer Program Manager II within the Maintenance and Operations Division of the Canal District.

34. Plaintiff is a nonwhite, darker skinned Asian male, and a member of a protected class.

35. Mr. Kevin Canning, a Caucasian male, was the hiring manager for this position.

36. Plaintiff was interviewed for the position.

37. Plaintiff satisfied the minimum qualifications for the position.

38. Plaintiff was not selected for the position despite being qualified for the position.

39. On January 31, 2018, Plaintiff was advised Defendant chose Brian Schilling, a Caucasian male, for the position.

40. Plaintiff was more qualified than Mr. Schilling for the position based upon his tenure with Defendant, experience and educational level.

41. Defendant chose a much less qualified, Caucasian male for the position.

42. Defendant selected a candidate that failed to have meaningful operational experience.

43. Defendant failed to promote Plaintiff to the Engineer Program Manager II position based on Plaintiff's race and color.

44. As a result of the promotion, Mr. Schilling became Plaintiff's supervisor.

45. As a result of the 2018 failed promotion, Plaintiff filed a grievance citing, *inter alia*, violations of Merit Rule 2.1. Plaintiff grieved his failure to be promoted and alleged there was "bias towards darker skinned Asian candidates."

46. As a result of the 2018 failed promotion, Plaintiff filed a Charge of Discrimination with the DDOL.

47. Plaintiff engaged in protected activity when he complained about discrimination through the grievance process and when filing a Charge of Discrimination with the DDOL.

48. Mr. Canning and Mr. Schilling were aware of Plaintiff's complaints of discrimination in 2018.

**Failure to Promote – North District Engineer Program Manager II**

49. In March of 2019, Plaintiff applied for the position of Engineer Program Manager II within the Maintenance Operations Division of the North District.

50. Plaintiff is a nonwhite, darker skinned Asian male, and a member of a protected class.

51. Plaintiff was interviewed for the position.

52. Plaintiff satisfied the minimum qualifications for the position.

53. Plaintiff was not selected for the position despite being qualified for the position.

54. As a result of the interviews, the hiring panel was split between two candidates, Plaintiff and John Garcia, for the position.

55. The hiring panel contacted references for Plaintiff and Mr. Garcia.

56. Plaintiff provided the hiring panel with his pre-listed references which included Brian Schilling, as required because Mr. Schilling was Plaintiff's direct supervisor, Rich Fain and Mark Alexander.

57. The hiring panel only contacted one of Plaintiff's pre-listed references.

58. Defendant's hiring panel contacted Brian Schilling, who was listed as one of Plaintiff's pre-listed references.

59. Defendant's hiring panel independently contacted Mr. Canning, who was not a pre-listed reference for Plaintiff.

60. Mr. Schilling and Mr. Canning provided intentionally false, misleading information to the hiring panel that they directed Plaintiff to be more involved in day-to-day activities.

61. Plaintiff was never advised by either Mr. Canning or Mr. Schilling that he needed to be more involved in day-to-day activities.

62. Plaintiff's 2018 performance evaluation, which was completed by Mr. Canning,

does not make any mention of needing to be more involved in day-to-day activities.

63. Upon information and belief, Mr. Canning and Mr. Schilling provided the false and misleading information in retaliation for the discrimination grievances and complaints Plaintiff filed regarding the 2018 promotional process.

64. As further retaliation, Mr. Schilling rated Plaintiff's 2019 performance as "meets expectations."

65. Prior to filing his discrimination grievance and complaint, Plaintiff was consistently rated as "exceeds expectations" on his performance reviews.

66. Mr. Canning and Mr. Schilling retaliated against Plaintiff for engaging in protected activity by providing a false reference statement with the intent to prevent Plaintiff from being promoted.

67. Plaintiff was advised he was not chosen for the position in part because of the false statements made by Mr. Canning and Mr. Schilling regarding his performance.

68. Mr. Canning's comments are not consistent with Plaintiff's previous performance reviews.

69. The statements made by Mr. Canning and Mr. Schilling were retaliatory because Mr. Canning was aware of Plaintiff's grievance, a protected activity, in November of 2018.

70. On March 28, 2019, Plaintiff was advised Defendant chose John Garcia, a lighter skinned Hispanic male for the position of Engineer Program Manager II within the North District.

71. Plaintiff was more qualified than Mr. Garcia for the position based upon his tenure with Defendant, experience and educational level.

72. Defendant selected a substantially less experienced male for the position over Plaintiff.

73. Defendant selected a candidate that did not have operations experience.

74. As a result of the 2019 failed promotion, Plaintiff filed a grievance alleging a violation of Merit Rule 2.1 based on discrimination stating there was "bias towards darker skinned Asian candidates."

75. Defendant and specifically Mr. Canning, was an active participant in Plaintiff's 2019 Merit grievance process and therefore, was acutely aware of Plaintiff's filed complaints of discrimination, grievances and protected actions against Defendant.

76. Defendant further failed to promote Plaintiff in retaliation for engaging in protected activity of reporting discrimination.

77. Defendant failed to promote Plaintiff to the position of Engineer Program Manager II based on Plaintiff's race and color and for reporting discrimination.

**Failure to Promote – Engineer Program Manager II – Maintenance Engineer**

78. In or around July of 2021, Plaintiff applied for the position of Engineer Program Manager II - Maintenance Engineer within the Maintenance and Operations Division of the Canal District.

79. Plaintiff is a nonwhite, darker skinned, Asian male and a member of a protected class.

80. Ms. Anne Brown, a Caucasian female, was the hiring manager for this position.

81. Plaintiff was interviewed for the position.

82. Plaintiff satisfied the minimum qualifications for the position.

83. Plaintiff was not selected for the position despite being qualified for the position.

84. On or around July 16, 2021, Plaintiff was advised Defendant chose Michael Hauske, a Caucasian male, who was less qualified and had less experience, for the position.

85. Plaintiff was more qualified than Mr. Hauske for the position based upon his tenure with Defendant, experience and educational level.

86. As a result of the 2021 failed promotion, Plaintiff filed a grievance alleging a violation of Merit Rule 2.1 based on discrimination stating there was "hidden bias towards darker skinned Asian candidates.:

87. As a result of the 2021 failed promotion, Plaintiff filed a Charge of Discrimination with the DDOL.

88. Defendant failed to promote Plaintiff to the position of Engineer Program Manager II – Maintenance Engineer because of Plaintiff's race and color and in retaliation for his prior complaints of discrimination.

89. Defendant failed to promote Plaintiff based on his race and color.

90. Defendant further failed to promote Plaintiff in retaliation for engaging in protected activity of reporting discrimination.

91. Defendant failed to promote Plaintiff to the position of Engineer Program Manager II – Maintenance Engineer in retaliation for Plaintiff's charges of discrimination filed with the DDOL.

**Defendant's Discriminatory Practices are Supported by Statistical Evidence**

92. In the Fall of 2016, the Ivy Planning Group conducted an inclusive cultural assessment within the State of Delaware, Department of Transportation, Maintenance and Operations Division.

93. The Ivy Planning Group conducted statistical analyses in the areas of hiring, promotion and discrimination complaints which showed evidence of adverse impact and/or statistically significant differences across race and gender and noted chronic underrepresentation

in individual labor market categories in minority employment.

94.     As a result of the Statewide assessment, DelDOT contacted the Ivy Planning Group to assess and develop recommendations for the Maintenance and Operations North District regarding racially charged issues and an increased number of Equal Employment Opportunity complaints filed by minorities relating to unfair treatment, hiring and promotion decisions.

95.     The key findings of the Ivy Planning Group's assessment into the Maintenance and Operations division included systematic biases impacting opportunity, personal beliefs, biases, symbols and language regarding race impact the team.

96.     The Ivy Planning Group also found the Maintenance and Operations division had only forty-eight (48) people of color out of three hundred and seventy (370) employees.

97.     Additionally, the State of Delaware's EEO-4 Status Report for the Department of Transportation as of June 30, 2018, evidence minorities and specifically Asians are severely underrepresented within the Department of Transportation.

98.     Defendant's continued employment practice causes disparate impact on Plaintiff on the basis of race and color.

99.     Defendant's continued employment practice is established by a numerical disparity.

100.    Defendant's continued employment practice has a significantly disparate impact on Plaintiff's protected class.

101.    The manner in which Defendant hires and promotes employees is not a business necessity.

102.    Defendant's promotional process heavily weighs in favor of the subjective interview rather than equally considering a candidate's education, experience and years of service. The interview process is wrought with both conscious and unconscious bias. As a result, the

promotional process disproportionally impacts members of a protected class through racial bias.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### COUNT I
### Discrimination Based on Race/Color in Violation of the Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*. as amended)
### Against Defendant

103. The allegations of Paragraphs 1 through 102 are incorporated by reference as if fully restated herein.

104. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

105. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 2000e(f).

106. Plaintiff received his Right to Sue Letter from the EEOC on November 19, 2021.

107. Plaintiff received his most recent Right to Sue letter form the EEOC on January 13, 2023.

108. Plaintiff has satisfied all statutory prerequisites for filing this action.

109. Defendant discriminated against Plaintiff on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964.

110. Plaintiff, a darker skinned, Asian male, is a member of a protected class.

111. Plaintiff has over twenty years' experience within his industry and with Defendant and performed highly during his employment with Defendant.

112. Plaintiff was the most experienced candidate for the positions of Engineer Program Manager II within the Maintenance and Operations Division of the Canal District, Engineer Program Manager II within the Maintenance Operations Division of the North District and Engineer Program Manager II - Maintenance Engineer within the Maintenance and Operations Division of the Canal District.

113. Plaintiff was the most qualified out of all candidates for the above positions.

114. Defendant chose less qualified, Caucasian, lighter skinned candidates for the positions Plaintiff applied for.

115. Defendant failed to promote Plaintiff to those positions based upon his race and color.

116. Defendant's discriminatory hiring practices have a disparate impact on minority and Asian individuals and are neither job related nor consistent with business necessity.

117. Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including compensatory damages, past and future lost wages and benefits and the costs of bringing this action.

### COUNT II
**Discrimination based on Race/Color in Violation of the Delaware Discrimination in Employment Act (19 *Del. C.* § 711(a)(1)).**
**Against Defendant**

118. The allegations of Paragraphs 1 through 117 are incorporated by reference as if fully restated herein.

119. Defendant employees four or more employees and is an "Employer" as defined by 19 *Del. C.* § 710 (7).

120. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 19 *Del. C.* § 710 (6).

121. Plaintiff received his first Right to Sue letter form the DDOL on September 10, 2021.

122. Plaintiff received his most recent Right to Sue Letter from the DDOL on December 12, 2022.

123. Plaintiff has satisfied all statutory prerequisites for filing this action.

124. Plaintiff, a darker skinned, Asian male, is a member of a protected class.

125. Plaintiff has over twenty years' experience within his industry and with Defendant and performed highly during his employment with Defendant.

126. Plaintiff was the most experienced candidate for the positions of Engineer Manager II within the Maintenance and Operations Division of the Canal District, Engineer Program Manager II within the Maintenance Operations Division of the North District and Engineer Program Manager II – Maintenance Engineer within the Maintenance and Operations Division of the Canal District.

127. Plaintiff was the most qualified out of all candidates for the above positions.

128. Defendant chose less qualified, Caucasian, lighter skinned candidates for the positions Plaintiff applied for.

129. Defendant failed to promote Plaintiff to those positions based upon his race and color.

130. Defendant failed to promote Plaintiff to those positions out of retaliation for Plaintiff's protected actions.

131. Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including compensatory damages, past and future lose wages and benefits and the costs of bringing this action.

## COUNT III
### Retaliation Based on Race/Color in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*. as amended) Against Defendant

132. The allegations of Paragraphs 1 through 131 are incorporated by reference as if fully restated herein.

133. Plaintiff engaged in protected activity when he reported race and color discrimination to the DDOL on November 8, 2018, and amended his protected activity on June 11, 2019.

134. Plaintiff engaged in protected activity when he engaged in the grievance process in 2018 and 2019.

135. Plaintiff suffered an adverse employment action when Defendant failed to promote him to the position of Engineer Program Manager II within the Maintenance Operations Division of the North District on March 28, 2019.

136. Plaintiff suffered an adverse employment action when Defendant failed to promote him to the position of Maintenance Engineer within the Maintenance and Operations Division of the Canal District on July 16, 2021.

137. Defendant was aware of Plaintiff's grievances and the complaints of discrimination he filed in 2018, 2019 and 2021.

138. A causal link exists between Plaintiff's protected activity and the adverse employment actions taken against Plaintiff as a result of his protected activity.

## COUNT IV
### Retaliation Based on Race/Color in Violation of the Delaware discrimination in Employment Act (19 *Del C.* § 711(a)(1)).

14

**Against Defendant**

139.   The allegations of Paragraphs 1 through 138 are incorporated by reference as if fully restated herein.

140.   Plaintiff engaged in protected activity when he reported race and color discrimination to the DDOL on November 8, 2018, and amended his protected activity on June 6, 2019.

141.   Plaintiff engaged in protected activity when he engaged in the grievance process in 2018 and 2019.

142.   Plaintiff suffered an adverse employment action when Defendant failed to promote him to the position of Engineer Program Manager II within the Maintenance Operations Division of the North District on March 28, 2019.

143.   Plaintiff suffered an adverse employment action when Defendant failed to promote him to the position of Maintenance Engineer within the Maintenance and Operations Division of the Canal District on July 16, 2021.

144.   Defendant was aware of Plaintiff's grievances in 2018 and 2019.

145.   A causal link exists between Plaintiff's protected activity and the adverse employment actions taken against Plaintiff as a result of his protected activity.

**COUNT V**
**Disparate Impact in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*. as amended) and Delaware Discrimination in Employment Act (19 *Del. C.* § 711(a)(1))**
**Against Defendant**

146.   The allegations of Paragraphs 1 through 145 are incorporated by reference as if fully restated herein.

147.   Defendant's continued employment practices cause disparate impact on basis of

race and color.

148. Defendant's continued employment practice is established by numerical disparity.

149. Defendant's continued employment practice has a significantly disparate impact on a protected class.

150. Defendant's practice of hiring and promotional decisions in question are not a business necessity.

151. Defendant's discriminatory hiring practices have a disparate impact on minority and Asian individuals and are neither job related nor consistent with business necessity.

152. Defendant's promotional process is unconstitutional and is based upon racially discriminatory customs, policies and practices.

153. Defendant's promotional practice focuses heavily on the interview stage of hiring which has created a disparate impact based on personal racial bias.

154. Defendant's promotional practice focuses on the hiring panel member opinion that is closest to the position sought creating a nonobject selection pattern.

155. As a result, Defendant has caused Plaintiff to suffer financial and professional damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

    A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

    B. Award Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post

judgment interest, equity, liquidated damages, punitive damages and any or all pecuniary damages.

C. Award Plaintiff compensatory damages, for injuries and other losses suffered as a result of Defendant's actions, including but not limited to damages for pain and suffering, mental distress, emotional distress, emotional trauma, mental pain and suffering, anxiety, anguish, personal indignity, humiliation, embarrassment, discomfort, and other personal injuries, damages and losses.

D. Award Plaintiff all compensation due as a result of Defendant's violations herein.

E. Award Plaintiff an equal and additional amount as punitive damages.

F. Award Plaintiff costs and reasonable attorney's fees.

G. Award Plaintiff pre and post judgment interest at the legal rate.

H. Any and all such other relief as the Court deems appropriate under the circumstances.

**ALLEN & ASSOCIATES**
*/s/ Michele D. Allen*
Michele D. Allen (#4359)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-234-8602 (fax)
michele@allenlaborlaw.com
*Attorneys for Plaintiff*

Dated: January 25, 2023